UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| NICHOLE HARRIS, on behalf of The Suter Company, Inc. Employee Stock Ownership Plan, and on behalf of a class of all other persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIGUEL PAREDES,<br>PRUDENT FIDUCIARY SERVICES, LLC, a California Limited Liability Company,<br>TIMOTHY P. SUTER,<br>GEORGE B. SUTER, and<br>DANIEL B. SUTER,<br><br>Defendants. | Case No. 3:23-cv-50231<br><br>Judge Iain D. Johnston<br><br>Magistrate Judge Margaret J. Schneider |

**MEMORANDUM IN SUPPORT OF DEFENDANTS MIGUEL PAREDES AND PRUDENT FIDUCIARY SERVICES, LLC'S MOTION TO COMPEL ARBITRATION**

## I. INTRODUCTION

Defendants Miguel Paredes ("Paredes") and Prudent Fiduciary Services, LLC, ("Prudent") (collectively "Paredes Defendants") respectfully move to compel arbitration because the Suter Company Inc. Employee Stock Ownership Plan (the "Plan") has a mandatory arbitration clause that applies to Nicole Harris's ("Plaintiff's") claims. In addition to arguments made by the co-defendants in their separately filed motion, memorandum, and reply brief, the Paredes Defendants make additional points.

Plaintiff alleges that she is a participant in the Plan, which is an ERISA-governed employee stock ownership plan for which Paredes was the independent trustee. Plaintiff alleges that the Paredes Defendants breached their fiduciary duties to the Plan by causing the Plan to pay more

than "adequate consideration" for stock purchased from former shareholders. All of her claims are premised on relationships, duties, and rights arising out of the Plan's governing plan document (the "Plan Document")[1] and/or ERISA.

The Plan Document has had a binding arbitration provision for years, and, as the Suter Company explains in its separately filed motion, the Suter Company recently amended the arbitration provision in order to remove language that the Seventh Circuit found troublesome in *Smith v. Bd. Of Dirs. Of Triad Mfg.*, 13 F.4th 613, 620 (7th Cir. 2021). The operative arbitration provision requires that certain claims must be brought in arbitration and, to the extent consistent with ERISA, in an individual capacity. *See* Ex. A, § 14.8. Section 14.8 of the Plan Document states:

> Any claim made by or on behalf of a Covered Employee, Participant, Inactive Participant, Surviving Spouse of a Participant, a Beneficiary or an Alternate Payee (a "Claimant") which arises out of, relates to, or concerns this Plan, the Trust Agreement, or the Trust, including without limitation, any claim for benefits under the Plan, Trust Agreement, or Trust; any claim asserting a breach of, or failure to follow, the Plan or Trust; and any claim asserting a breach of, or failure to follow, any provision of ERISA or the Code, including without limitation claims for breach of fiduciary duty, ERISA Section 510 claims, and claims for failure to timely provide notices or information required by ERISA or the Code (collectively, "Covered Claims"), shall be resolved exclusively by binding arbitration administered in accordance with the National Rules for the Resolution of Employment Disputes (the "Rules") of the American Arbitration Association ("AAA") then in effect. The AAA Supplementary Rules for Class Arbitrations shall bot be used under any circumstances.

Ex. A, § 14.8(a). The Plan Document also states that "[a]ll Covered Claims must be brought solely in the Claimant's individual capacity and not on a class, collective, or group basis. Each arbitration shall be limited solely to one Claimant's Covered Claims." Ex. A, § 14.8(b).

---

[1] A true and correct copy of the Plan Document is attached hereto as Exhibit A.

2

## II. ARGUMENT

### a. Plaintiff Must Pursue Her Claims in Arbitration.

#### i. The Federal Arbitration Act Requires Enforcement of Arbitration Provisions.

The Federal Arbitration Act ("FAA") requires courts to enforce a written "agreement" for arbitration. *See Volt Info. Scis., Inc. v. Bd. of Trs. of Leland Stanford Junior U.*, 489 U.S. 468, 474 (1989); 9 U.S.C. § 3 (requiring courts to stay action if arbitration required by an "agreement"); 9 U.S.C. § 4 (entitling a party to petition to enforce an "agreement" for arbitration); *id.* (commanding district court to compel arbitration if making of "agreement" for arbitration is not in issue), *id.* (requiring district courts to proceed to trial if making of arbitration "agreement" is disputed). The FAA embodies Congress's preference for "a 'liberal federal policy favoring arbitration'" that aims to counteract prior "widespread judicial hostility to arbitration." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). "The overarching purpose of the FAA . . . is to ensure the enforcement of arbitration agreements according to their terms so as to facilitate streamlined proceedings." *Id.* at 344. Accordingly, federal courts "'must rigorously' enforce arbitration agreements," including arbitration agreements covering "claims that allege a violation of a federal statute[.]" *Am. Express Co. v. Italian Colors Rest.*, 570 U.S. 228, 233 (2013).

ERISA is a comprehensive federal statute that requires a plan to be "established and maintained pursuant to a written instrument." 29 U.S.C. § 1102(a)(1). Employers act as settlors, not fiduciaries, when adopting, amending, or terminating an ERISA plan, meaning they owe no fiduciary duties to participants when establishing the terms of a plan. *Lockheed Corp. v. Spink*, 517 U.S. 882, 890 (1996); *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 91 (1983) (except for

provisions ERISA requires or prohibits,[2] "ERISA does not mandate that employers provide any particular benefits"); *Fry v. Exelon Corp. Cash Balance Pension Plan*, 571 F.3d 644, 646 (7th Cir. 2009) ("Employers are entitled to vary by contract those aspects of pension plans ERISA makes variable…."); *Pegram v. Herdrich*, 530 U.S. 211, 226 (2000) (plan sponsor may adopt provisions "without breach of any fiduciary duty under ERISA, since an employer's decisions about the content of a plan are not themselves fiduciary acts").[3]

Once adopted, an ERISA plan is a binding "contract." *US Airways*, 569 U.S. at 102 ("Courts construe ERISA plans, as they do other contracts…."); *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 108 (1989) (referring to the "provisions of the [ERISA] plan contract"); *Nachman Corp. v. Pension Benefit Guar. Corp.*, 446 U.S. 359, 396 (1980) ("Everyone concedes that the plan is a valid contract enforceable according to its terms…." (Powell, J., dissenting)). Participants are bound by the plan's terms. *See, e.g.*, *Wise v. El Paso Nat. Gas Co.*, 986 F.2d 929, 937 (5th Cir. 1993). An arbitration provision in an ERISA plan constitutes an "agreement" to arbitrate for purposes of the FAA. *See Metro East*, 294 F.3d 924 (7th Cir. 2002). ERISA plans can be amended by plan sponsors according to requirements set forth in ERISA, and once amended, an ERISA plan is binding on all participants—participants are not entitled under ERISA to accept or reject amendments. *Miller v. Coastal Corp.*, 978 F.2d 622, 625 (10th Cir. 1992). Thus, the arbitration provision, which was duly adopted, binds Plaintiff and binds the Plan itself.

  ii. **ERISA Claims are Arbitrable.**

---

[2] With respect to pension plans (as opposed to welfare plans), ERISA has requirements for creation of a plan instrument, participation, funding, vesting, reporting, and disclosure. ERISA §§ 101-111, 201-306, 404-414, 29 U.S.C. §§ 1051-1086, §§ 1021-1031, §§, 1101-1114 (1976 ed. and Supp. V).

[3] ERISA preempts state-law claims that would have the effect of modifying "the relationship among the traditional ERISA entities—the employer, the plan and its fiduciaries, and the participants and beneficiaries." *Mem'l Hosp. Sys. v. Northbrook Life Ins. Co*., 904 F.2d 236, 245 (5th Cir. 1990).

US.359283346.01

Every Circuit to consider the issue agrees that the FAA applies to ERISA claims. *See Dorman v. Charles Schwab Corp.*, 934 F.3d 1107, 1111-12 (9th Cir. 2019). *See also Williams v. Imhoff*, 203 F.3d 758, 767 (10th Cir. 2000) (holding that "Congress did not intend to prohibit arbitration of ERISA claims"); *Pritzker v. Merrill Lynch*, 7 F.3d 1110, 1116 (3d Cir. 1993) (agreements to arbitrate ERISA claims under the FAA are valid and enforceable); *Bird v. Shearson Lehman/Am. Express, Inc.*, 926 F.2d 116 (2d Cir. 1991) (enforcing agreement to arbitrate ERISA claims); *Arnulfo P. Sulit Inc. v. Dean Witter Reynolds, Inc.*, 847 F.2d 475, 479 (8th Cir. 1988) (same).

### iii. The Arbitration Provision in the Plan Document Encompasses Plaintiff's Claims.

Section 14.8 covers "[a]ny claim made by or on behalf of a Covered Employee . . . which arises out of, relates to, or concerns this Plan . . .", and it specifically covers "any claim asserting a breach of, or failure to follow, the Plan or Trust; and any claim asserting a breach of, or failure to follow, any provision of ERISA . . . ." Ex. A, § 14.8(a). Each and every count of Plaintiff's Complaint unquestionably "arises out of, relates to, or concerns [the] Plan," because they allege various ERISA violations regarding management of the Plan. *See* Compl. ¶¶ 80-125. In addition, both counts of the Complaint against the Paredes Defendants are brought pursuant to ERISA. *See id.*

Because Plaintiff's Complaint involves the exact type of claims specified in the Plan's arbitration provision, there can be no doubt that the arbitration provision applies to Plaintiff's claims.

### iv. The Individualized Arbitration Requirement is Enforceable.

5

The arbitration provision contains certain waivers of class, collective, or group actions. That language is, however, expressly made subject to any contrary requirements in ERISA. This renders the provision unlike the problematic provision in *Smith*, so the arbitration provision in this case is enforceable. Plaintiff must be ordered to arbitrate, she should be limited to only those damages to her individual plan account, and the question of whether certain equitable remedies can be awarded if they benefit others can be left to the arbitration panel.

  **b. The Court Should Stay the Case Pending Arbitration.**

Section 3 of the FAA requires that courts stay proceedings where, as here, alleged claims are arbitrable and a party requests a stay. *See* 9 U.S.C. § 3 (providing that, where an issue is to be referred to arbitration, courts "shall on application of one of the parties stay the trial of the action . . . ."). Accordingly, Defendants request that the Court stay the case while the parties proceed with arbitration.

## III.  CONCLUSION

For reasons stated above, the Court should compel Plaintiff to follow the plain terms of the Plan Document and arbitrate their claims on individual bases. In the interim, the Court should stay this case.

                Respectfully submitted,

Dated: August 30, 2023        FAEGRE DRINKER BIDDLE & REATH LLP

                By: */s/ Richard J. Pearl*
                   Richard J. Pearl
                   320 S. Canal St., Suite 3300
                   Chicago, Illinois 60606
                   Telephone: (312) 569-1000
                   rick.pearl@faegredrinker.com

                *Attorneys for Defendants, Miguel Paredes and Prudent Fiduciary Services, LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on August 30, 2023, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

               */s/ Richard J. Pearl*
               Richard J. Pearl

US.359283346.01